```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND

SHIELD OUR CONSTITUTIONAL       :
RIGHTS AND JUSTICE, et al.
                                :

     v.                         :   Civil Action No. DKC 09-0940

                                :
RYAN L. HICKS
                                :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution are Plaintiffs' motions for extension of time to file a motion for reconsideration, (Papers 16 and 18), or alternatively for reconsideration (Paper 16), and for a stay (Paper 18). The court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiffs' motions will be denied.[1]

## I. Background

The background to this case may be found in the court's last memorandum opinion. (Paper 14, at 1-4). On November 4, 2009, the court issued a memorandum opinion and order dismissing Plaintiffs Shield our Constitutional Rights and Justice and George McDermott for lack of standing, finding that some of

---

[1] The pending motions were purportedly filed by Plaintiffs' attorney, Mr. Rosen, whose membership in the District of Maryland Bar is now inactive. The court will send this memorandum opinion and order directly to Plaintiffs because they are now unrepresented.

Plaintiffs' claims were time-barred, and dismissing Plaintiffs' complaint for failure to state a claim. (Papers 14 and 15). On November 16, 2009, Plaintiffs filed a "Motion for extension for file motion to reconsider because Plaintiffs' Attorney was/is very sick and in emergency room of hospital; and Motion to reconsider (when extension denied) by apply Plaintiffs stated in all other motions, memorandums, and replies in cases no. 09-cv-00151-DKC, and 09-cv-100152-DKC for reconsiderations." (Paper 16). On November 30, 2009, Plaintiffs filed a "Motion for extension time for Plaintiffs to respond and file response, reply, and court documents; Motion for a partial temporary stay for Judge Chasanow's rulings ***not*** in Plaintiffs' favor, but do <u>not stay</u> for rulings in Plaintiffs' favors." (Paper 18) (emphasis in original).

**II. Analysis**

In both motions, Plaintiffs argue that the court should extend the time to file a motion to reconsider. In Plaintiffs' first motion, Plaintiffs appear to ask the court to reconsider its November 4, 2009, opinion and order stating, "In the case the Honorable Judge denied their motion for extension, to not miss the court deadline, here, Plaintiffs file this motion to reconsider, by apply all they stated and filed Motions, Memorandums, and Replies in the cases no. 09-cv-00151-DKC and

2

09-cv-100152-DKC for reconsiderations." (Paper 16, at 2). In Plaintiffs' second motion, Plaintiffs also state, "Plaintiffs respectfully requested the Honorable Judge Chasanow to provide and clarify federal statutes to support her rulings, and respectfully request the Honorable Judge Chasanow to present a legitimate non-discriminatory reason for her disparate and reverse treatments and judgments against Ms. Qihui Huang, Chinese-born Asian American woman." (Paper 18, at 1).

Defendants counter that Plaintiffs' motions were untimely under Fed.R.Civ.P. 59(e) and that, to the extent that Plaintiff is asking the court to reconsider its prior opinion, Plaintiffs' motions should be denied because the issues were properly decided. (Paper 19, at 3; Paper 17, at 1). Plaintiffs respond arguing that their motions were timely filed with the court. (Paper 20, at 2).

Fed.R.Civ.P. 59(e) allows a party to file a motion to alter or amend a judgment "no later than 10 days after the entry of the judgment."[2]  Fed.R.Civ.P. 6 governs computing and extending time. For a period less than 11 days, "intermediate Saturdays, Sundays, and legal holidays" are excluded.

---

[2] This opinion refers to the Federal Rules of Civil Procedure that were in effect as of November 2009.

Fed.R.Civ.P. 60(b) permits a party to file a motion to reconsider a judgment "within a reasonable time." Fed.R.Civ.P. 60(c)(1). If a party files a motion to reconsider a final judgment, order, or proceeding for the reasons of "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [or] (3) fraud, misrepresentation, or misconduct by an opposing party," a motion filed under Rule 60(b) must be made "within a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(b)(1-3) and (c).

"A court must not extend the time to act under Rules 59(b), (d), and (e), and 60(b), except as those rules allow." Fed.R.Civ.P. 6(b)(2). Rule 59(e) does not permit the court to extend the time to file a motion to amend beyond the 10 days provided.

Here, the court's order was docketed on November 4, 2009. Excluding Saturdays and Sundays, Plaintiff would have had to file her motion to amend under Rule 59(e) by November 18, 2009. Plaintiff's motion for an extension of time or to reconsider, filed on November 16, 2009, states, "In the case the Honorable Judge denied their motion for extension, to not miss the court deadline, here, Plaintiffs file this motion to reconsider, by

4

apply all they stated and filed Motions, Memorandums, and Replies in cases no. 09-cv-00151-DKC and 09-cv-100152-DKC for reconsiderations." (Paper 16, at 2). Because Paper 16 was filed within the 10 day window provided by Rule 59(e), the court may consider Plaintiffs' motion to reconsider as stated therein. Plaintiffs have not filed any other motion to amend, and would not be able to file a motion to amend under Rule 59 now because the deadline for any motion to amend was November 18, 2009. Under Rule 60, Plaintiffs have to file their motion to reconsider within a reasonable time and at most under a year after the November 4, 2009 order. A year has not yet passed since November 4, 2009, so Plaintiffs do not need an extension of time to file a motion to reconsider under Rule 60. Therefore, Plaintiffs' motion for an extension of time will be denied.

Under Rule 59(e), courts have recognized three limited grounds for granting a motion for reconsideration: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)(quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), *cert.*

*denied*, 538 U.S. 1012 (2003)). "A motion to reconsider is not a license to reargue the merits or present new evidence." *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 662 (4th Cir. 1992)). Additionally, motions for reconsideration are "an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), *cert. denied*, 525 U.S. 1104 (1999).

Plaintiffs' motion for reconsideration does not meet any of the three grounds for reconsideration under Rule 59(e). Plaintiffs' boilerplate motion has not identified any intervening change in the law, newly developed evidence, or clear error of law or manifest injustice that would alter the court's November 4, 2009 opinion. Therefore, the court will deny Plaintiffs' motion to reconsider.

Additionally, Plaintiffs filed a "Motion for extension time for Plaintiffs to respond and file response, reply, and court documents; Motion for a partial temporary stay for Judge Chasanow's rulings **_not_** in Plaintiffs' favor, but do not stay for rulings in Plaintiffs' favors." (Paper 18) (emphasis in original). (Paper 18). Plaintiff's motion is nonsensical and will be denied.

**III. Conclusion**

For the foregoing reasons, Plaintiffs' motions will be denied.  A separate Order will follow.

                                    _____/s/_____
                                    DEBORAH K. CHASANOW
                                    United States District Judge